Exhibit A

# Exhibit A

electronically FILED by Superior Court of California, County of Los Angeles on 10/28/2020 03:19 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden, Deputy Clerk

Case 2:20-cv-10931-JLS-AS   Document 1-1   Filed 12/01/20   Page 2 of 57   Page ID #:15

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Starbucks Corporation, and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

George Cable, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):*  Los Angeles Superior Court | 20STCV41165 |
| 111 N. Hill Street | |
| Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joshua Cohen Slatkin, 11620 Wilshire Blvd., Ste 900, Los Angeles, CA 90025, (310) 627-2699

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)*  October 28, 2020 Sherri R. Carter Executive Officer / Clerk of Court | | *(Secretario)*  S. Bolden | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Starbucks Corporation
   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courts.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

Case 2:20-cv-10931-JLS-AS   Document 1-1   Filed 12/01/20   Page 3 of 57   Page ID #:16
20STCV41165
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Ruth Ann Kwan

1  **LAW OFFICE OF JOSHUA COHEN SLATKIN**
JOSHUA COHEN SLATKIN (SBN 285090)

2  11620 Wilshire Blvd., Ste. 900
Los Angeles, CA 90025

3  Telephone: 310-627-2699
Facsimile: 310-943-2757

4  jcohenslatkin@jcslaw4you.com

5  Attorney for Plaintiff, George Cable

6  SUPERIOR COURT OF THE STATE OF CALIFORNIA

7  FOR THE COUNTY OF LOS ANGELES

8

9  GEORGE CABLE, an individual,                    Case No.:   20STCV41165

        Plaintiff,

10

11        vs.                                        **COMPLAINT FOR DAMAGES,
                                                     RESTITUTION, DECLARTORY AND
                                                     INJUNCTIVE RELIEF AND PENALTIES**

12  STARBUCKS CORPORATION, and DOES
1 through 25, inclusive,

13        Defendants.                                1. **DISCRIMINATION BASED UPON
                                                        PHYSICAL DISABILITY IN
14                                                      VIOLATION OF FEHA –
                                                        GOVERNMENT CODE SECTIONS
15                                                      12940,** *et. seq.*

16                                                   2. **DISCRIMINATION BASED UPON
                                                        AGE IN VIOLATION OF FEHA –
17                                                      GOVERNMENT CODE SECTIONS
                                                        12940, et. seq.**

18
                                                     3. **VIOLATION OF THE CALIFORNIA
19                                                      FAMILY RIGHTS ACT –
                                                        GOVERNMENT CODE SECTIONS
20                                                      12945.2, et. seq.;**

21                                                   4. **FAILURE TO ACCOMMODATE
                                                        PHYSICAL DISABILITY IN
22                                                      VIOLATION OF FEHA –
                                                        GOVERNMENT CODE SECTIONS
23                                                      12940,** *et. seq.*

24                                                   5. **FAILURE TO ENGAGE IN THE
                                                        INTERACTIVE PROCESS IN
25                                                      VIOLATION OF FEHA –
                                                        GOVERNMENT CODE SECTIONS
26                                                      12940,** *et. seq.*

27                                                   6. **FAILURE TO PREVENT
                                                        DISCRIMINATION IN VIOLATION**

28

COMPLAINT FOR DAMAGES, RESTITUTION, DECLARTORY AND INJUNCTIVE RELIEF AND PENALTIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OF FEHA – GOVERNMENT CODE
SECTIONS 12940, *et. seq.*

7.  **RETALIATION IN VIOLATION OF
    FEHA – GOVERNMENT CODE
    SECTIONS 12940,** *et. seq.*

8.  **WRONGFUL TERMINATION IN
    VIOLATION OF PUBLIC POLICY**

[DEMAND FOR JURY TRIAL]

Plaintiff George Cable (hereinafter "Plaintiff") hereby alleges the following on knowledge as to himself and his respective known acts, and on information and belief as to all other matters:

## I.

## PARTIES

1.      At all times mentioned herein, Plaintiff was an individual employed by Starbucks Corporation. (hereinafter referred to as "Defendant"). Plaintiff performed work for the Defendant.  The unlawful conduct alleged herein occurred in and around Los Angeles County.  Plaintiff is, and at all relevant times mentioned herein was, a resident of Los Angeles County.

2.      At all times mentioned herein, Defendant was a corporation conducting business throughout California, with its principal place of business in Seattle, Washington.

3.      At all times mentioned herein, Defendant was an employer of Plaintiff as such term is defined by California Government Code section 12926(d), that each regularly employed five (5) or more persons.

4.      At all times mentioned herein, each of the defendants named in the caption and each DOE defendant was an agent, employee and/or partner of the remaining defendants, including the DOE defendants, and, in doing these things herein alleged, was acting within the scope of such agency, employment and/or partnership with the permission, authority and/or consent of his or her co-defendants.

5.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of said defendants when the same has been ascertained.  Each of the fictitiously named defendants are individually and/or jointly liable in some manner for the acts complained of herein.  Unless otherwise stated, all references to named defendants shall include DOE defendants as well and Plaintiff will amend this complaint to show their true names and capacities after they are ascertained.

6.      Plaintiff is informed and believes that each Defendant conspired with, aided and abetted, ratified the conduct of, knowingly acquiesced in, acted with the consent and permission of, acted as an

1

1 | agent of, acted within the course and scope of employment for, and accepted the benefits of each other

2 | Defendant with respect to the matters alleged herein.

3 |      7.     Plaintiff is informed and believes that, except as otherwise alleged herein, each Defendant

4 | is, and at all times relevant to this Complaint are, the agent, joint employer, partner, constitute an

5 | integrated enterprise, joint venturer, alter ego, affiliate, and/or co-conspirator with or of each of the other

6 | Defendants and/or otherwise acted on the behalf of each other Defendant and/or are otherwise legally

7 | responsible for the actions of each other Defendant.

8 | **II.**

9 | **JURISDICTION AND VENUE**

10 |      8.     Jurisdiction and venue are proper in this Court because all of the claims alleged herein

11 | arose in Los Angeles County and all of the defendants were and/or are residents of Los Angeles County

12 | or are doing or did business in Los Angeles County, at all times relevant herein.

13 |      9.     The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of

14 | interest and costs.

15 | **III.**

16 | **FACTUAL ALLEGATIONS**

17 |      10.     Plaintiff worked for Defendant from August 2003 until he was terminated on November

18 | 22, 2019 but Plaintiff did not work from 2003-2019 continuously.

19 |      11.     He worked at Defendant's location on Hawthorne and Artesia Blvd. (Store No. 5859).

20 |      12.     Over the course of Plaintiff's 16 years of employment with Defendant, Plaintiff had

21 | medical conditions and disabilities specifically related to his knee and neck.

22 |      13.     Plaintiff is over forty ("40") years of age.

23 |      14.     In 2005, Plaintiff suffered a work-related neck injury rendering him permanently,

24 | partially disabled when his prior manager, Rowena, played a practical joke on him causing a heavy box

25 | to fall on his head in retaliation for Plaintiff's whistle blowing activities.

26 |      15.     Plaintiff reported a violation of health and safety rules/regulation that Rowena committed

27 | resulting in a Defendant's customer to become sick.

28 |

COMPLAINT FOR DAMAGES, RESTITUTION, DECLARTORY AND INJUNCTIVE RELIEF AND PENALTIES

16.   Plaintiff was given work restrictions and placed on modified work duty after the 2005 incident which restricted him from working more than four (4) hours per shift and not working on consecutive days.

17.   In 2015, Plaintiff had knee replacement surgery and was placed on a medical leave of absence. Plaintiff was subsequently terminated while on this medical leave of absence.

18.   Plaintiff returned to work for Defendant in late 2017/early 2018 with the same medical restriction imposed from Plaintiff's 2005 injury.

19.   Upon his return, Plaintiff was continuously told by management and/or other of Defendant's employees that his work restrictions imposed a hardship and that he was required to work a full-time schedule.

20.   Defendant demanded that Plaintiff work a minimum of 32 hours during the week which not only violated his work restrictions, but also prevented him Plaintiff from attending his doctor's appointments and other commitments.

21.   Defendant refused to accommodate Plaintiff's work restrictions of not working more than four (4) hours per day and not working on consecutive days from the late 2017/early 2018 time frame up through his termination.

22.   Plaintiff was forced by get additional doctor's notes from his doctor, Dr. Allan Delman, who imposed the same work restrictions he had since 2005, namely not to work more than 4 hours per shift and not to work on consecutive days, which were provided to Defendant.

23.   Defendant's managers, agents, and/or employees expressed disapproval and frustration towards Plaintiff for these work place restrictions and did not want to accommodate his restrictions and did not engage in the good faith interactive process with Plaintiff to accommodate his work-place restrictions when Plaintiff returned to work in late 2017/early 2018 up through his termination.

24.   Plaintiff was repeatedly told that Defendant's employees were required to work a full-time schedule and that his modified work schedule to accommodate his work restrictions violated this 32 hour per week requirement.

3

1    25.    Plaintiff was also reprimanded and written-up several times upon returning to work in the

2    2017-2019 time frame which is further evidence of discriminatory and retaliatory treatment toward him.

3    26.    On October 21, 2019, a customer attempted to steal the employee's tip jar at the

4    Defendant's location where Plaintiff worked. Plaintiff stopped the robbery by tactfully removing the tip

5    jar from the robber's hand and politely escorting him from the store.

6    27.    Defendant allegedly terminated Plaintiff's employment on November 22, 2019 for

7    violating its Safety and Security Policy because Defendant's employees should not prevent robberies.

8    28.    However, the Safety and Security Policy does not appear to explicitly apply to preventing

9    employees from intervening if their own tips are being stolen.

10   29.    Preceding this incident, Plaintiff was rewarded with a $100 gift card in 2004 when he

11   prevented another robbery of a customer attempting to steal the tip jar. Plaintiff was also not given clear

12   directives about the Safety and Security Policy when it came to Defendant's employees preventing

13   robberies relating to their own tips, and not Defendant's money.

14   30.    Plaintiff, at the age of 57, was one of the oldest employees in the store and Defendant has

15   a policy, pattern and/or practice of discriminating against and terminating older employees and only

16   having younger employees work for Defendant.

17   31.    Comments were made toward Plaintiff regarding his age and being old for a Starbucks

18   employee.

19   32.    On multiple occasions, Plaintiff received phone calls from the corporate office in Seattle

20   where it was stated that he was substantially older than all the other co-workers at Starbucks, including

21   managers and supervisors.

22   33.    Plaintiff was asked during these calls what he planned for his future, how long he planned

23   on being an employee with Defendant and that he should look for employment elsewhere because he

24   was an older employee.

25   34.    Defendant's failure to accommodate Plaintiff's work restrictions and his termination were

26   due to his medical conditions/disabilities, age and need for workplace accommodations which reflects a

27   policy, pattern and practice by Defendant to terminate older employees and/or those with medical

28

COMPLAINT FOR DAMAGES, RESTITUTION, DECLARTORY AND INJUNCTIVE RELIEF AND PENALTIES

1   conditions/disabilities including those who need workplace accommodations for said medical
2   conditions/disabilities.

3       35.     Defendant's actions toward Plaintiff reflect a continuous course of discriminatory
4   conduct toward him and other Defendant's employees.

5       36.     The reason given for Plaintiff's termination was a pretext for the discriminatory motives
6   of terminating Plaintiff for his work restrictions, medical condition and age.

7       37.     Substantial motivating reasons for Plaintiff's termination were due to his medical
8   conditions, age and resulting disabilities and request for medical leave and reasonable work place
9   accommodations for his medical conditions/disabilities.

10

11                                          **IV.**

12                   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13      1.      Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each named
14  defendant with the California Department of Fair Employment and Housing ("DFEH") pursuant to
15  section 12900, *et seq.*, of the California Government Code, alleging the claims described in this
16  complaint. On October 21, 2020, the DFEH issued a "right to sue" letter. A true and correct copy of the
17  "right to sue" letter is attached hereto collectively as **Exhibit 1**. All conditions precedent to the institution
18  of this lawsuit have been fulfilled. This action is filed within one year of the date that the DFEH issued
19  its right to sue letter.

20                                          **V.**

21                             **FIRST CAUSE OF ACTION**

22          **(Discrimination Based Upon Physical Disability in Violation of FEHA)**

23                  **(On behalf of Plaintiff against All Defendants)**

24      2.      Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as
25  if fully set forth herein.

26

27

28

COMPLAINT FOR DAMAGES, RESTITUTION, DECLARTORY AND INJUNCTIVE RELIEF AND PENALTIES

3.      Defendants discriminated against Plaintiff on the basis of his physical disabilities in violation of FEHA through numerous illegal acts, including, without limitation, those set forth in the preceding paragraphs.

4.      As articulated more fully above, Plaintiff has a "physical disability" as defined in Government Code § 12926(m)(1), and/or having a record or history of a physical disability as defined in Government Code § 12926(m)(3), ad/or being regarded or treated by Defendant as having, or having had, a physical disability pursuant to Government Code § 12926(m)(4) and/or being regarded or treated by Defendant as having, or having had, a physical disability that had no present disabling effect but may become a physical disability pursuant to Government Code § 12926(m)(5).  Further, Plaintiff was able to perform the essential functions of his job with or without accommodations.

5.      As articulated more fully above, Plaintiff was subjected to discrimination by Defendant on the basis of his physical disability and/or perceived/regarded/treated physical disability defined in Government Code § 12926(m)(1), (3), (4), and/or (5) in violation of Government Code § 12940(a).  The discrimination includes, among other things, terminating his employment on November 22, 2019, and/or not providing reasonable work accommodations and/or placing Plaintiff in alternative and/or vacant positions and/or failing to provide Plaintiff with certain job duties so he could continue working for Defendant, and otherwise altering the terms, conditions, or privileges of his employment.

6.      As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

7.      FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

COMPLAINT FOR DAMAGES, RESTITUTION, DECLARTORY AND INJUNCTIVE RELIEF AND PENALTIES

8.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

9.     The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

## VI.

### SECOND CAUSE OF ACTION

**(Discrimination Based Upon Age in Violation of FEHA)**

**(On behalf of Plaintiff against All Defendants)**

10.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

11.     Defendants discriminated against Plaintiff on the basis of his age in violation of FEHA through numerous illegal acts, including, without limitation, those set forth in the preceding paragraphs.

12.     As a proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

13.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

14.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

15.     The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights,

7

1  welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages,

2  against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

3                                   **VII.**

4                          **THIRD CAUSE OF ACTION**

5              **(Violation of the California Family Rights Act "CFRA")**

6                 **(On behalf of Plaintiff against All Defendants)**

7          16.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as

8  though fully set forth herein.

9          17.    At all times herein mentioned, FEHA, Government Code §§12900-12996, was in full

10  force and effect and was binding on Defendant. This included Government Code §12945.2 et. seq. which

11  is commonly referred to as the California Family Rights Act ("CFRA"). CFRA requires that Defendant

12  refrain from discriminating or retaliating against any employee on the basis of that employee's need to

13  take leave to tend to his or her own serious medical condition or having taken such leave (see

14  Government Code §§12945.2 (a) and (l)).

15         18.    Plaintiff suffered from, without limitation, neck and knee related medical conditions and

16  resultant physical disabilities ultimately resulting in a knee replacement surgery which Defendant was

17  made aware of by Plaintiff and/or his treating physician.

18         19.    Plaintiff took leave time to tend to such serious medical conditions and required

19  accommodations.

20         20.    The leave and need for accommodations that Plaintiff took to tend to his serious medical

21  conditions was a substantial motivating factor in Defendant's decision to terminate him.

22         21.    As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue

23  to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according

24  to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including

25  nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue,

26  and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

27

28

22.     CFRA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

23.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

24.     The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

### VIII.

### **FOURTH CAUSE OF ACTION**

### **(Failure to Accommodate Physical Disability in Violation of FEHA)**

### **(On behalf of Plaintiff against All Defendants)**

25.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

26.     At times relevant to this lawsuit, Plaintiff was an employee of Defendant with certain disabilities, including, without limitation, those related to his neck and knee condition(s) and resultant physical disabilities ultimately resulting in knee replacement surgery, which are disabilities that are protected under FEHA.

27.     In violation of Government Code § 12940(m), Defendant failed to provide accommodations for Plaintiff's disability and/or perceived/regarded/treated physical disability defined in Government Code § 12926(m)(1), (3), (4), and/or (5) in violation of Government Code § 12940(a) such as offering him other suitable job opportunities and/or job duties for Plaintiff's perceived/regarded/treated physical disability, or other forms of accommodations to allow him to continue to work for Defendant.

COMPLAINT FOR DAMAGES, RESTITUTION, DECLARTORY AND INJUNCTIVE RELIEF AND PENALTIES

28.     California Government Code section 12940(m) makes it unlawful "[f]or an employer or other entity…to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

29.     As set forth in the preceding paragraphs, Plaintiff sought reasonable accommodations, including, without limitation, request for a medical leave and accommodations to tend to neck and knee condition(s), but rather than accommodating him, Defendant terminated him based, in part, on his disabilities.

30.     As a proximate result of the conduct of Defendant, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

31.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

32.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

33.     The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

## IX.

## **FIFTH CAUSE OF ACTION**

### **(Failure to Engage in the Interactive Process in Violation of FEHA)**

### **(On behalf of Plaintiff against All Defendants)**

10

34.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

35.    In violation of *Government Code* § 12940(n), Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to determine if there were any reasonable accommodations available to him.

36.    California Government Code section 12940(n) makes it unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

37.    California Government Code section 12926.1(e) states "The Legislature affirms the importance of the interactive practice between the applicant or employee and the employer in determining a reasonable accommodation, as the requirement has been articulated by the Equal Employment Opportunity Commission in its interpretive guidance of the Americans with Disabilities Act."

38.    As set forth in the preceding paragraphs, Plaintiff repeatedly informed Defendants of his disabilities and requested accommodations, but instead of engaging in a timely good faith process with him to determine effective reasonable accommodations as required by California Government Code sections 12940(n) and 12926.1(e), Defendants terminated him based, in part, on his disabilities. Had Defendants engaged in a timely good faith interactive process, there were available reasonable accommodations which would have accommodated Plaintiff's disabilities and allowed him to continue to work with Defendants.

39.    In violation of Government Code § 12940(m), Defendant failed to engage in an interactive process with Plaintiff by failing to provide accommodations for Plaintiff's disability and/or perceived/regarded/treated physical disability defined in Government Code § 12926(m)(1), (3), (4), and/or (5) in violation of Government Code § 12940(a) by failing to offer, provide or make known to Plaintiff and /or offering him other suitable job opportunities and/or job duties for Plaintiff's perceived/regarded/treated physical disability, or other forms of accommodations to allow him to continue to work for Defendant.

11

40.     As a proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

41.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing Plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

42.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

43.     The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

## X.

## SIXTH CAUSE OF ACTION

### (Failure to Prevent Discrimination in Violation of FEHA)

### (On behalf of Plaintiff against All Defendants)

44.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

45.     California Government Code section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps to prevent discrimination and harassment from occurring." Defendants violated this provision by failing to prevent discrimination and harassment against Plaintiff, including the discrimination and harassment described in the preceding paragraphs.

46.     Defendant violated Government Code §§ 12940(j) and (k), by failing to take all reasonable steps necessary to prevent disability discrimination from occurring and by failing to remedy such discrimination.   For example, Plaintiff is informed and believes that Defendant did not perform

COMPLAINT FOR DAMAGES, RESTITUTION, DECLARTORY AND INJUNCTIVE RELIEF AND PENALTIES

an individualized assessment of Plaintiff's ability to perform his work functions with or without accommodations before terminating his employment on November 22, 2019. Plaintiff is further informed and believes that Defendant failed to properly train their employees about providing reasonable accommodations and engaging in the interactive process so as to prevent violations of the Fair Employment and Housing Act.

47.     As a proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

48.     FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

49.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

50.     The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

## XI.

## SEVENTH CAUSE OF ACTION

### (Retaliation in Violation of FEHA)

### (On behalf of Plaintiff against All Defendants)

51.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

COMPLAINT FOR DAMAGES, RESTITUTION, DECLARTORY AND INJUNCTIVE RELIEF AND PENALTIES

52.    Defendants retaliated against Plaintiff for seeking accommodations for his disabilities, in violation of FEHA through numerous illegal acts, including, without limitation, those set forth in the preceding paragraphs of this Complaint.

53.    Plaintiff's protected activity(ies) were a substantial motivating reason for the Defendant's adverse employment actions against him including but not limited to terminating his employment on November 22, 2019 , and not providing accommodations so he could continue working for Defendant, and otherwise altering the terms, conditions, or privileges of his employment as more fully explained above.  These actions were in violation of Government Code § 12940(h).

54.    As a proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof.  Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety.  The amount of Plaintiff's damages will be ascertained at trial.

55.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

56.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

57.    The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

**XII.**

**EIGTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy)**

**(On behalf of Plaintiff against All Defendants)**

14

58.     Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

59.     Defendants terminated Plaintiff's employment in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including, but not limited to, FEHA and Const. Art. I section 8.

60.     As a proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

61.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

62.     The aforementioned acts of Defendants, and each of them, were willful, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages, against all of the Defendants, in an amount to be determined at time of trial and/or arbitration.

## XIII.

### PRAYER FOR RELIEF

1. For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2.     For special damages, according to proof on each cause of action for which such damages are available according to proof.

3.     For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4.     For prejudgment interest and post-judgment interest according to law.

COMPLAINT FOR DAMAGES, RESTITUTION, DECLARTORY AND INJUNCTIVE RELIEF AND PENALTIES

5.      For reasonable attorneys' fees incurred in this action pursuant to Government Code §12965 (b)and California Code of Civil Procedure § 1021.5.

6.      For costs of suit incurred in this action.

7.      For legal fees and expert witness fees pursuant to FEHA

8.      For attorney fees and costs pursuant to Health and Safety Code § 1278.5 and/or 1432.

9.      For punitive damages, according to proof on each cause of action for which such damages are available.

10. For injunctive relief, according to proof, on each cause of action for which such damages are available.

11. For declaratory relief, according to proof, on each cause of action for which such damages are available.

12.      For such other and further relief as the Court deems proper and just.

Dated: October 27, 2020                      LAW OFFICE OF JOSHUA COHEN SLATKIN

*Joshua Cohen Slatkin*

Joshua Cohen Slatkin
Attorney for Plaintiff, George Cable

COMPLAINT FOR DAMAGES, RESTITUTION, DECLARTORY AND INJUNCTIVE RELIEF AND PENALTIES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action alleged herein in the Complaint for Damages and Restitution.

Dated: October 27, 2020                    By *Joshua Cohen Slatkin*

Joshua Cohen Slatkin
Attorney for Plaintiff, George Cable

COMPLAINT FOR DAMAGES, RESTITUTION, DECLARTORY AND INJUNCTIVE RELIEF AND PENALTIES

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 21, 2020

Joshua Cohen Slatkin
11620 Wilshire Blvd., Suite 900
Los Angeles,  90025
Joshua I Cohen Slatkin
11620 Wilshire Boulevard
Los Angeles, California 90025

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202010-11584621
        Right to Sue: Cable / Starbucks Corporation

Dear Joshua Cohen SlatkinJoshua I Cohen Slatkin:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 21, 2020

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202010-11584621
      Right to Sue: Cable / Starbucks Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 21, 2020

George Cable
c/o Law Offices of Joshua Cohen Slatkin 11620 Wilshire Blvd., Ste. 900
Los Angeles, California 90025

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202010-11584621
Right to Sue: Cable / Starbucks Corporation

Dear George Cable:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
October 21, 2020 because an immediate Right to Sue notice was requested. DFEH will
take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
## Under the California Fair Employment and Housing Act
## (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

George Cable                                        DFEH No. 202010-11584621

                              Complainant,

vs.

Starbucks Corporation
2401 Utah Avenue S. Suite 800 MS: S-LA1
Seattle, Washington 98134

                              Respondents

---

1. Respondent **Starbucks Corporation** is an **employer Starbucks Corporation** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.

3. Complainant **George Cable**, resides in the City of **Los Angeles**, State of **California**.

4. Complainant alleges that on or about **November 22, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over).

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over) and as a result of the discrimination was terminated, reprimanded, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments.

-1-
*Complaint – DFEH No. 202010-11584621*

Date Filed: October 21, 2020

1

2 **Additional Complaint Details:** George Cable ("Cable") was a 16-year employee of
Starbucks Corporation (hereinafter referred to as "Defendant" or "Starbucks") where he
3 worked from on or about August 21, 2003 through April 29, 2016 until he was terminated
while on a medical leave of absence. Mr. Cable worked at Defendant's location on
4 Hawthorne and Artesia Blvd. (Store No. 5859). Mr. Cable returned to work at Defendant's
same location in late 2017/early 2018 and worked at this location until he was terminated on
5 November 22, 2019. Mr. Cable had medical work restrictions from his doctors to not work
6 more than 4 hours per shift and not work on consecutive days. Mr. Cable requested that
Starbucks honor these same medical work restrictions which he still had when he returned
7 to work in the 2017/2018 time frame. These restrictions were imposed following a 2005 work
related injury at Starbucks. When Mr. Cable returned to work with defendant in the
8 2017/2018 timeframe, Mr. Cable had these same medical work restrictions.
         Mr. Cable suffered a neck injury in 2005 at Starbucks as a result of whistle blowing
9 activities. Mr. Cable reported a violation of health and safety rules/regulations that his prior
manager, Rowena, committed which resulted in a Starbucks customer becoming sick. After
10 Mr. Cable reported his manager's health and safety violation (s), Mr. Cable's then manager
played a prank on him in retaliation for reporting her that resulted in a heavy box falling on
11 his head, rendering him permanently, partially disabled around 2005.When Mr. Cable
returned to work with the Defendant with these same work restrictions in 2017/2018, he was
12 continuously told by management and/or other of Defendant's employees that his work
restrictions imposed a hardship and that he needed to work a full time schedule. Defendant
13 demanded that Mr. Cable work a minimum of 32 hours during the week, which would violate
your medical work restrictions but also prevent him from attending his doctors appointments
14 and other commitments.
         Defendant did not want to accommodate Mr. Cable's work restrictions of not working
15 more than 4 hours per day and not working on consecutive days from the 2017 time frame
16 up through the time of his termination on November 22, 2019. Mr. Cable was forced by get
additional doctors notes from his doctor, Dr. Allan Delman, who imposed the same work
17 restrictions he had since 2005-namely not to work more than 4 hours per shift and not to
work on consecutive days. These doctors' notes outlining the work restrictions were
18 provided to Starbucks. Starbucks' managers, agents, and/or employees expressed
disapproval and frustration toward Mr. Cable for these work place restrictions and did not
19 want to accommodate his restrictions and did not engage in the good faith interactive
process with Mr. Cable to accommodate his work place restrictions when Mr. Cable returned
20 to work in 2017/2018 up through the time of his termination on 11/22/19. Mr. Cable was
repeatedly told that Starbucks' employees need to work a full time schedule and that his
21 modified work schedule to accommodate his work restrictions violated requirements that he
work a full time, 32 hour per week schedule. Mr. Cable was also reprimanded and written-up
22 several times upon returning to work in the 2017-2019 time frame which is further evidence
of discriminatory and retaliatory treatment toward him.
23
         On October 21, 2019, a customer attempted to steal the employee's tip jar at the
24 Starbucks location where Mr. Cable worked. Mr. Cable stopped the robbery by gracefully
removing the tip jar from the robber's hand and politely escorting him from the store. The
25 Defendant allegedly terminated Mr. Cable's employment on 11/22/19 for violating their
Safety and Security policy because Starbucks' employees should not prevent robberies.

26

27                                                      -2-
                                       *Complaint – DFEH No. 202010-11584621*

28 Date Filed: October 21, 2020

1   However, the safety and security policy does not appear to explicitly apply to preventing
    employees from interviewing if their own tips were being stolen. Mr. Cable was rewarded
2   with a $100 gift card in 2004 when he prevented another robbery of a customer attempting
    to steal the tip jar. Mr. Cable was also not given clear directives about the safety and
3   security policy when it came to Starbucks' employees preventing robberies relating to their
    own tips, and not the defendant's money.
4           Mr. Cable, at the age of 57, was one of the oldest employees in the store and
    Defendant has a policy, pattern and/or practice of discriminating against and terminating
5   older employees and only having younger employees work for Defendant. Comments were
    made toward Mr. Cable regarding his age and being old for a Starbucks employee. On
6   multiple occasions, Mr. Cable received phone calls from the corporate office in Seattle
7   where it was stated that he was substantially older than all the other co-workers at
    Starbucks, including managers and supervisors. Mr. Cable was asked during these calls
8   what he planned for his future, how long he planned on being an employee with Starbucks
    and that he should look for employment elsewhere because he was an older employee.
9   Starbucks's failure to accommodate Mr. Cable's work restrictions and his termination were
    due to his medical conditions/disabilities, age and need for workplace accommodations
10  which reflects a policy, pattern and practice by Starbucks to terminate older employees
    and/or those with medical conditions/disabilities including those who need workplace
11  accommodations for said medical conditions/disabilities.
    Defendant's actions toward Mr. Cable  reflect a continuous course of discriminatory conduct
12  toward him and other Defendant's employees. The reason given for Mr. Cable's termination
    was a pretext for the discriminatory motives of terminating Mr. Cable for his work
13  restrictions, medical condition and age. Substantial motivating reasons for Mr. Cable's
    termination were due to his medical conditions, age and resulting disabilities and request for
14  medical leave and reasonable work place accommodations for his medical
    conditions/disabilities.
15

16

17

18

19

20

21

22

23

24

25

26

27                                          -3-
                           *Complaint – DFEH No. 202010-11584621*
28
    Date Filed: October 21, 2020

1  VERIFICATION

2  I, **Joshua I Cohen Slatkin**, am the **Attorney** in the above-entitled complaint.  I have
3  read the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
5  On October 21, 2020, I declare under penalty of perjury under the laws of the State of
   California that the foregoing is true and correct.

6                                                                        **Los Angeles, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                              -4-
27                            *Complaint – DFEH No. 202010-11584621*

28  Date Filed: October 21, 2020

Electronically FILED by Superior Court of California, County of Los Angeles on 10/27/2020 03:09 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 2:20-cv-10931-JLS-AS   Document 1-1   Filed 12/01/20   Page 30 of 57   Page ID #:40

**CM-010**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joshua Cohen Slatkin (SBN: 285090)<br>Law Offices of Joshua Cohen Slatkin<br>11620 Wilshire Blvd., Suite 900, Los Angeles, CA 90025 | | *FOR COURT USE ONLY* |

TELEPHONE NO.: (310) 627-2699   FAX NO. *(Optional):* (310) 943-2757
ATTORNEY FOR *(Name):* Plaintiff, George Cable

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
George Cable v. Starbucks Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV41165 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Eight (8) for wrongful termination and related causes of action.
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: October 27, 2020

Joshua Cohen Slatkin
(TYPE OR PRINT NAME)       Joshua Cohen Slatkin
                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Cable v. Starbucks Corporation, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐  A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐  A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐  A6070  Asbestos Property Damage | 1, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐  A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Product Liability (24) | ☐  A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Medical Malpractice (45) | ☐  A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Medical Malpractice (45) | ☐  A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐  A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐  A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐  A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐  A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Cable v. Starbucks Corporation, et al. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Cable v. Starbucks Corporation, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Cable v. Starbucks Corporation, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 17400 Hawthorne Blvd. |
|---|---|

| CITY: Torrance | STATE: CA | ZIP CODE: 90504 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Stanley Mosk__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __October 27, 2020__

_Joshua Cohen Slatkin_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**10/27/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV41165 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Ruth Ann  Kwan | 72 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 10/28/2020
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Joshua Cohen Slatkin (SBN 285090)
jcohenslatkin@jcslaw4you.com
LAW OFFICE OF JOSHUA COHEN SLATKIN
11620 Wilshire Blvd., Suite 900
Los Angeles, CA 90025
Telephone:    (310) 627-2699
Facsimile:     (310) 943-2757

Attorney for Plaintiff
George Cable

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| GEORGE CABLE, an individual, | Case No.: 20STCV41165 |
| Plaintiff, | **NOTICE OF PLAINTIFF'S POSTING OF JURY FEES** |
| vs. | |
| STARBUCKS CORPORATION, and DOES 1 through 25, inclusive, | |
| Defendants. | |

NOTICE OF PLAINTIFF'S POSTING OF JURY FEES

TO THE HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to the California Code of Civil Procedure Section 631, Plaintiff GEORGE CABLE posted his advanced jury fees in the amount of $150.00 on October 28, 2020.

Respectfully submitted,

LAW OFFICE OF JOSHUA COHEN SLATKIN

Dated: October 28, 2020

BY_____/s/_____
JOSHUA COHEN SLATKIN
Attorney for Plaintiff
George Cable

1

NOTICE OF PLAINTIFF'S POSTING OF JURY FEES

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT )<br>– MANDATORY ELECTRONIC FILING )<br>FOR CIVIL )<br>)<br>)<br>_____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i) Depositions;

      ii) Declarations;

      iii) Exhibits (including exhibits to declarations);

      iv) Transcripts (including excerpts within transcripts);

      v) Points and Authorities;

      vi) Citations; and

      vii) Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

   g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

h) Writs and Abstracts

    Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

    If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

    Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

  a) Filed Date

    i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

    ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

  a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1  1) SIGNATURES ON ELECTRONIC FILING

2     For purposes of this General Order, all electronic filings must be in compliance with California

3     Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4     Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7     and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8     Supervising Judge and/or Presiding Judge.

9

10    DATED: May 3, 2019                              Kevin C. Brazile

11                                                                       KEVIN C. BRAZILE
                                                                         Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at _www.lacourt.org_ under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                     (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at _www.lacourt.org_ under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          >  _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR PLAINTIFF)
Date:

_____          >  _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____          >  _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____          >  _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR DEFENDANT)
Date:

_____          >  _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)
Date:

_____          >  _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)
Date:

_____          >  _____
(TYPE OR PRINT NAME)                                      (ATTORNEY FOR _____)

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
</table>

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, __briefly__ describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, __briefly__ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):  E-MAIL ADDRESS (Optional):  ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ (ATTORNEY FOR _____ )

➤ (ATTORNEY FOR _____ )

➤ (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - ADR Services, Inc. Case Manager **patricia@adrservices.com** (310) 201-0010 (Ext. 261)
   - JAMS, Inc. Senior Case Manager **mbinder@jamsadr.com** (310) 309-6204
   - Mediation Center of Los Angeles (MCLA) Program Manager **info@mediationLA.org** (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - Free, day-of-trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit:
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2