UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: CV 20-10931-ODW (RAOx)     Date: November 23, 2021
Title: George Cable v. Starbucks Corporation, et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Recorder/Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER RE: PLAINTIFF'S MOTION TO COMPEL DEPOSITION [27]**

On November 3, 2021, Plaintiff George Cable filed a Motion to Compel ("Motion") in the form of a joint stipulation, pursuant to Local Rule 37-2, seeking to compel Defendant Starbucks ("Defendant") to produce witnesses for deposition. Dkt. No. 27-1. Although the Motion itself did not indicate a hearing date, the docket text noticed a date of November 10, 2021 for the hearing. Dkt. No. 27. Because the noticed date was untimely under Local Rule 37-3 (requiring that discovery motion "be noticed to be heard on a regular Motion Day for the appropriate judge at least twenty-one days after the filing of the motion"), the Court sua sponte terminated the hearing as untimely. The Court finds that the matter is appropriate for decision without oral argument. The Motion is **GRANTED in part and DENIED in part**, as follows.

Plaintiff seeks to compel the deposition of Ashley Pasqualetti, Senior Partner Relations Associate of Defendant, who, Plaintiff alleges, "was consulted regarding the facts and circumstances surrounding the incident giving rise to Plaintiff's termination." Motion at 3.[1] Plaintiff alleges that Pasqualetti is a "key witness" who initially advised against termination. *Id.* at 3-4, 10. Plaintiff additionally seeks to compel the deposition of Defendant's Person Most Knowledgeable ("PMK") with respect to PMK Topic Number Ten, which seeks "[t]he identity of any other of Defendant's employees within the district where Plaintiff worked (i.e. Store no. 5859)

---

[1] Plaintiff noticed Pasqualetti's deposition in July 2021 but the parties agreed to stay all depositions pending mediation attempts. Motion at 6 n.2. After the mediation was unsuccessful, in October 2021 Defendant "learned for the first time" that Pasqualetti had commenced a protected leave of absence. *Id.* at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-10931-ODW (RAOx) | Date: | November 23, 2021 |
| Title: | George Cable v. Starbucks Corporation, et al. | | |

over the age of forty ('40') from 2015 to the present and whether said identified individuals were ever subjected to a termination from Defendant." *Id.* at 5, 8.

Defendant responds that Pasqualetti is on a protected medical leave of absence and would not be available for a deposition before April 2022 at the earliest. *Id.* at 6, 7.[2] As for the PMK deposition, Defendant contends that the topic is overly-broad and seeks to narrow its language so as to be consistent with previous discovery orders. *Id.* at 8.

As to Pasqualetti, Plaintiff's Motion is DENIED. As an initial matter, it is not clear whether Plaintiff properly re-noticed Pasqualetti's deposition, which was originally noticed in July 2021, after mediation attempts proved unsuccessful. "Although the Federal Rules of Civil Procedure have no explicit requirement that a notice of deposition be served before a party files a motion to compel a deposition, courts routinely impose such a requirement." *Berg v. M&F Western Products, Inc.*, 2020 WL 8270388, at *1 (E.D. Tex. Oct. 22, 2020) (citation omitted). Be that as it may, the parties agree that Pasqualetti is on protected medical leave through April 2022 and, indeed, sought a continuance of pretrial dates for the purpose of allowing her deposition to take place, which continuance was denied. The Court is not willing to compel a witness on medical leave to attend a deposition. *See*, *e.g.*, *Elkey v. H.N.S. Management Company, Inc.*, 2021 WL 3475703, at *3 (D. Conn. Aug. 6, 2021) (ruling that defendants were not required to produce witness on medical leave for deposition); *Lentz v. Graco Inc.*, 2007 WL 2362607, at *9 (D.N.J. Aug. 14, 2007) (denying without prejudice motion to compel deposition of witness on medical leave); *see also Downing v. Life Time Fitness, Inc.*, 2011 WL 2015514, at *2 (E.D. Mich. May 24, 2011) (affirming magistrate judge's grant of protective order precluding deposition of person suffering from severe medical condition even where she "possess[ed] relevant information"), *as amended* (May 18, 2012), *aff'd sub nom. Downing v. Life Time Fitness*, 483 Fed. App'x 12 (6th Cir. 2012).

As to the deposition of Defendant's PMK with respect to Topic Number Ten, the Court GRANTS the motion to compel with the following amendment: Defendant will produce for deposition its PMK regarding "[t]he identity of any other of Defendant's employees within the district where Plaintiff worked (i.e. Store no. 5859) over the age of forty ('40') from 2017 to the

---

[2] On November 8, 2021, Defendant submitted a joint stipulation to continue fact and expert discovery deadlines, in part based on Pasqualetti's unavailability for deposition until after the fact discovery cut-off of December 20, 2021. Dkt. No. 28 at 2. On November 9, 2021, the District Judge denied the joint stipulation. Dkt. No. 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 20-10931-ODW (RAOx)                    Date:  November 23, 2021
Title:     George Cable v. Starbucks Corporation, et al.

present and whether said identified individuals were ever subjected to a termination from Defendant." (Emphasis added.) Defendant will produce its PMK for deposition as soon as practicable and no later than the discovery deadline of December 20, 2021.

**IT IS SO ORDERED.**

                                                                    :
                                            Initials of Preparer   dl