1  **LAW OFFICE OF JOSHUA COHEN SLATKIN**
JOSHUA COHEN SLATKIN (SBN 285090)
2  11620 Wilshire Blvd., Ste. 900
Los Angeles, CA 90025
3  Telephone:   310-627-2699
Facsimile:    310-943-2757
4  jcohenslatkin@jcslaw4you.com

5  Attorney for Plaintiff, George Cable

6

7            UNITED STATES DISTRICT COURT FOR THE

8              CENTRAL DISTRICT OF CALIFORNIA

9

10 GEORGE CABLE,                          Hon. Rozella A. Oliver
                                          Discovery Document:
11                 Plaintiff,             Case 2:20-cv-10931-ODW-RAOx

12          v.

13 STARBUCKS CORPORATION, a               **PLAINTIFF'S BRIEF IN
                                          OPPOSITION TO DEFENDANT'S
14 Corporation,                           MOTION TO COMPEL PLAINITFF
                                          GEORGE CABLE'S DEFENSE
15                                        MEDICAL EXAMINATION UNDER
                                          FRCP 35**
16          Defendants.

17                                        Date: December 15, 2021
                                          Time: 10:00 a.m.
18                                        Discovery Cutoff: December 20, 2021

19
                                          Pretrial Conference: Marcy 28, 2022
20                                        Trial Begins: April 19, 2022

21

22

23

24

25

26

27

28

---

## **Table of Content**

I. Introduction…………………………………………………………………1

II. Legal Argument……………………………………………………………….2

A. Defendant is precluded from using their designated psychological expert
to conduct a mental exam because it failed to provide an expert report
required by FRCP 26(a)(2)(B)……………………………………………….2

B. Good cause does not exist for Plaintiff to undergo a Psychological
mental examination…………………………………………………………..5

C. Scope and Conditions of the FRCP 35 examination and meet and confer
Efforts………………………………………………………………………..6

1. The examination be conducted virtually, via remote video
Conference……………………………………………………………6

2. The psychological tests should be limited to only the same tests
conducted by Plaintiff's psychological expert which are indicated
within the report…………………………………………………………7

3. Defendant's expert should be precluded from interviewing
Plaintiff by way of an oral examination……………………………..7

4. Defendant be required to comply with FRCP 26 (a)(2)(B) and
provide an expert report of Dr. Hoang Lu **before** his examination of
plaintiff and then a report **after** his examination of plaintiff……………..7

5. The examination be audio and videotaped and any and all audio/
videotape of the examination be provided to Plaintiff's counsel
within 5 business days………………………………………………….8

6. Plaintiff be entitled to have a lawyer or representative present
during the examination to avoid the examination turning into
a de facto deposition…………………………………………………..8

7. The exam be limited to no more than 6 hours with reasonable breaks…………………………………………………………………8

III. Conclusion……………………………………………………………...8

**I.** INTRODUCTION

This case is a wrongful termination, disability and age discrimination case brought under the Fair Employment and Housing Act ("FEHA"). Plaintiff George Cable ("Plaintiff") was a long-term employee of Defendant. He worked with Defendant Starbucks Corporation ("Defendant") from 2003-2019. Since 2005, Plaintiff suffered a work-related injury to his neck which rendered him permanently and partially disabled. As a result of Plaintiff's medical condition and disability status, he had work restrictions which required work-place accommodations of not working more than four ("4") hours per shift and not working on consecutive days. Defendant terminated Plaintiff's employment on November 22, 2019 for violating its safety and security policy. Plaintiff prevented a homeless person from stealing the workers' tips near the cash register. It is Plaintiff's contention that his age, disability and need for work-place accommodations were a substantial motivating reason for his termination. Defendant alleges that it was the violation of its safety and security policy that provided a legitimate, non-discriminatory reason for Plaintiff's termination.

As indicated in Defendant's motion to compel Plaintiff's mental examination ("motion"), Plaintiff alleged emotional distress arising out of his wrongful termination claims at the onset of this case within his complaint. FRCP 35(a) provides that, for good cause shown, the court "may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." (FRCP 35(a)).

Defendant delayed by waiting until expert discovery to have Plaintiff undergo a mental examination which forms the subject of this motion. It is Plaintiff's position, as detailed herein, that:

1) Defendant is precluded from using their designated psychological expert because it failed to provide an expert report required by FRCP 26(a)(2)(B) and

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PLAINTIFF GEORGE CABLE'S
DEFENSE MEDICAL EXAMINATION UNDER FRCP 35

2) Good cause does not exist for Plaintiff to undergo a Psychological mental examination since Plaintiff's expert report contains all the information necessary for Defendant's expert to form any expert opinions.

## II. LEGAL ARGUMENT

**A.** Defendant is precluded from using their designated psychological expert to conduct a mental exam because it failed to provide an expert report required by FRCP 26(a)(2)(B)

Defendant Starbucks Corporation wants to cherry-pick which Federal Rule of Civil Procedure ("FRCP") requirements suit their litigation interests by arguing that the FRCP compels Plaintiff George Cable's ("Plaintiff") defense medical examination while disregarding FRCP (26)(a)(2)(B) requirements and the court's order to provide an expert report with its expert and rebuttal expert disclosures. The instant court should not reward and give Defendant a litigation advantage due to Defendant's failure to comply with the FRCP and court order with respect to expert witness reports.

The Court issued the operative scheduling order on March 23, 2021. (See Exhibit 1 Scheduling order at section 5(d)). The scheduling order set various deadlines relating to expert discovery. (Id.) Specifically, the order stated the following at section 5 (d):  If expert witnesses are to be called at trial, the parties shall designate affirmative experts to be called at trial and provide reports required by Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(B) not later than eight weeks prior to the expert discovery cut-off date and "rebuttal expert witnesses shall be designated and reports provided as required by FRCP 26 (a)(2)(B) not later than five weeks prior to the expert discovery cut-off date. (Id).

Here, the defendant counter-designated one expert psychologist, Dr. Po Haong-Lu, Psy. D, as a rebuttal expert but provided no report of Dr. Haong-Lu within its

rebuttal expert disclosures as required pursuant to the court's scheduling order and FRCP 26(a)(2)(B). (Slatkin declaration at ¶3) (See Exhibit 2 Defendant's rebuttal expert witness disclosures). Dr. Hoang-Lu is Defendant's expert psychologist who Defendant also wants to have take Plaintiff's psychological examination. (Slatkin declaration at ¶4). Plaintiff's counsel served a meet and confer letter on December 7, 2021 requesting Dr. Hoang-Lu's report on or before December 13, 2021. (Slatkin Declaration at ¶5)(See Exhibit 5 December 7, 2021 meet and confer letter). As of the date of the filing of this opposition brief, Defendant has not provided Plaintiff's counsel with Dr. Hoang Lu's report. (Slatkin declaration at ¶6).

FRCP 37(c) sets forth the consequences for failing to "provide information or identify a witness as required by Rule 26(a)." (FRCP 37(c)(1).) Pursuant to FRCP 37(c)(1), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." (Id.) The purpose of the "harmless" provision is "to avoid unduly harsh penalties in a variety of situations." (FRCP 37 advisory committee notes.) The exclusion sanction is "self-executing" and "automatic." (See Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir.2001) (referencing the Advisory Committee's Notes to Rule 37(c)(1) ( 1993 Amendments)). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." (Id.)

Plaintiff George Cable is unable to meaningful take defendant's expert, Po Haong-Lu's deposition, without his report and Plaintiff's experts are unable to adequately address and/or rebut defendant's expert's conclusions without reviewing his report. (Slatkin declaration at ¶7). Further, there was no stipulation, court order or agreement between the parties that reports would not be provided with expert disclosures pursuant to FRCP 26 and the court's scheduling order. (Slatkin declaration at ¶8). There is no exception in the FRCP, the court's order or agreement between the

parties that expert reports would be provided after Plaintiff's examination by defendant's psychologist. (Slatkin declaration at ¶9).

Further, Defendant is in a position to have its expert provide a preliminary report since defendant is in possession of plaintiff's deposition, medical records and plaintiff's psychological expert's report of Dr. Jacqueline Nolan. (Slatkin declaration at ¶10). <u>A pre and post examination report of Dr. Hoang-Lu is critical to determine what, if any, changes were made to Dr. Hoang-Lu's report following his examination of Plaintiff. Plaintiff's counsel has a right to comment on any pre and post examination reports and any changes made to said reports which goes to the heart of defendant's expert's credibility</u>.

Presumably, Defendant does not want to provide a pre-examination report because Dr. Hoang-Lu's conclusions are going to be the same whether or not he examines Plaintiff (i.e. Dr. Hoang-Lu as defendant's expert is going to testify that any psychological symptoms Mr. Cable is or has experienced following his termination after working 16 years with the defendant were related to pre-existing psychological conditions and not his termination or conclusions to that effect.). The defendant simply wants an examination to bolster what Dr. Hoang Lu is already going to conclude and testify to and that is why a pre and post examination report of Dr. Hoang Lu is essential to Plaintiff's right to have a fair trial and properly address Dr. Hoang Lu's credibility and bias.

 Dr. Hoang-Lu's expert report is even more critical given the fact that Plaintiff will likely exceed the 10-deposition limit prior to expert discovery and may not be able to take Mr. Hoang-Lu's deposition absent a stipulation by the parties to take more than 10 depositions. (Slatkin declaration at ¶11). The Defendant failed to comply with FRCP 26(a)(2)(B) and therefore should be precluded from having Dr. Hoang-Lu examine Plaintiff and should be precluded by calling Dr. Hoang-Lu at trial.

///

**B.** Good cause does not exist for Plaintiff to undergo a Psychological mental examination

FRCP 35(a) provides that, for good cause shown, the court "may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." (FRCP 35(a). The 'in controversy' and 'good cause' requirements of FRCP 35 "are not met by mere conclusory allegations of the pleadings-nor by mere relevance to the case-but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." (*See* Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). 'Good cause" for a mental examination requires a showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case. (Lindemann & Kadue, Sexual Harassment in Employment Law, BNA (1193) ed., at page 560.).  "Good cause" is established <u>by a showing that the defendant has no other method to discover relevant information; there is simply no less intrusive means.</u> (Id.).

Here, the Defendant does, in fact, have other available methods to discover the relevant information that it seeks through less intrusive means than requiring Plaintiff to undergo a mental examination. (Slatkin declaration at ¶12). Plaintiff did designate an expert psychologist, Jacqueline Nolan, Psy D., as part of his expert witness disclosures. (Slatkin declaration at ¶13). Unlike the Defendant, Plaintiff's counsel provided Defendant's counsel with Dr. Nolan's report with his expert witness disclosures. (Id. at ¶13)(See Exhibit 3 Dr. Nolan's expert witness report).

Dr. Nolan's report, as indicated in Exhibit 3, contains the following:

1) a detailed history of Plaintiff's complaints;

2) a detailed social and developmental history;

3) details of Mr. Cable's termination;

4) a summary of medical records;

5) Mr. Cable's emotional functioning and

6) a list of psychological tests administered.

Therefore, Plaintiff's psychological expert report contains all the information any of defendant's psychological expert's would need to form an opinion relating to any psychological diagnosis of Plaintiff. (Slatkin declaration at ¶14). Further, Defendant has Plaintiff's medical records. (Slatkin declaration at ¶15). Defendant has issued a subpoena to Plaintiff's psychological expert and can provide the results of any tests administered to Defendant's expert. (Slatkin declaration at ¶16). Therefore, the results of the psychological tests administered, and the extensive information contained with Plaintiff's expert report negate any particularized showing that Defendant has established good cause to have Mr. Cable undergo a psychological examination since it can obtain the same information from less intrusive means-namely, Dr. Nolan's report and through obtaining Dr. Nolan's test results and plaintiff's medical records.

**C.** Scope and Conditions of the FRCP 35 examination and meet and confer efforts

Plaintiff's counsel engaged Defendant in meet and confer efforts relating to the FRCP exam on December 2, 2021, the same day that Defendant reached out to the court for an informal discovery conference on this issue. (Slatkin declaration at ¶17)(See Exhibit 4 email correspondence re: meet and confer of scope of mental examination). In the event the court orders that Plaintiff undergo a FRCP mental examination, Plaintiff proposes the following conditions relating to any such examination:

1. The examination be conducted virtually, via remote video conference.

Defendant, as indicated on Exhibit 4, intends to conduct the examination in person. (Slatkin declaration at ¶18)All depositions and appearances so far in this case have been conducted virtually. (Slatkin declaration at ¶19). Plaintiff's psychological expert conducted her examination virtually. (Slatkin declaration at ¶20 )(See Exhibit 3 Dr. Nolan's report).  Given the COVID-19 pandemic and related variants, the examination should be conducted virtually, not in person as defense counsel suggests.

2.  The psychological tests should be limited to only the same tests conducted by Plaintiff's psychological expert which are indicated within the report.

Defendant's expert is a psychological rebuttal expert and his tests should be limited to the same tests administered by Plaintiff's expert. Through administration of the same tests that Plaintiff's expert conducted, defendant's expert will be in a position to render rebuttal expert testimony.

3.  Defendant's expert should be precluded from interviewing Plaintiff by way of an oral examination.

Plaintiff's expert, as indicated within her report, thoroughly documented Plaintiff's history, both psychological and work history, and therefore there is no need for Defendant's expert to conduct an oral examination of Plaintiff. Defendant's expert should be limited to administering and conducting psychological tests only.

4.  Defendant be required to comply with FRCP 26 (a)(2)(B) and provide an expert report of Dr. Hoang Lu **before** his examination of plaintiff and then a report **after** his examination of plaintiff.

If there are no substantive changes to Defendant's expert's post examination report, defendant's expert should prepare a report indicating such. Any post-

7

examination reports should be emailed to Plaintiff's counsel within 5 business days of the examination.

5. The examination be audio and videotaped and any and all audio/video tape of the examination be provided to Plaintiff's counsel within 5 business days.

6. Plaintiff be entitled to have a lawyer or representative present during the examination to avoid the examination turning into a de facto deposition.

7. The exam be limited to no more than 6 hours with reasonable breaks.

## III.   CONCLUSION

For the foregoing reasons, the court should deny Defendant's motion to compel Plaintiff's mental examination. In the event that the court orders Plaintiff's mental examination, the court should limit the scope of the examination based on Plaintiff's proposed mental examination conditions stated herein.

Dated: December 13, 2021                    LAW OFFICE OF JOSHUA COHEN SLATKIN

                                            _____/s_____
                                            Joshua Cohen Slatkin
                                            Attorney for Plaintiff, George Cable